UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY HOSLEY,

    Petitioner,

-vs-                                            Case No.  8:20-cv-194-WFJ-MRM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Hosley, a former Florida prisoner,[1] initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1), and a memorandum in support (Doc. 2). Respondent filed a response in opposition (Doc. 21) to which Mr. Hosley replied (Docs. 23).[2] Upon consideration, the petition will be denied.

---

1    Subsequent to filing his federal habeas petition, Mr. Hosley was released from incarceration (See Doc. 48).

2    In his reply, Mr. Hosley raises several "objections" to Respondent's response, including: 1) the response fails to comply with Rules 10(A) and 7(A) and (B), Fed.R.Civ.P., and Local Rule 1.05(b) (M.D.Fla.); 2) the response improperly identifies Mr. Hosley as "petitioner" rather than by name; 3) the response was not timely filed; 4) Exhibit 1 to the response (information regarding Mr. Hosley from the Department of Corrections) should not be considered because it is an "unofficial document;" 5) the procedural history, pages 2-10, is "prejudicial, inflammatory, impertinent, misleading, conclus[ory]. . .,defaming and scandalous"; and 6) Respondent's exhaustion and procedural default arguments are "a misrepresentation of the facts and record and an insufficient defense." (Doc. 23, docket pp. 5-9). He moves for unspecified sanctions against counsel for Respondent and to strike consideration of the term "petitioner," Respondent's Exhibit 1, and the procedural history in the response (Id.). The objections have no merit and therefore are overruled. And the

1

I. FACTUAL AND PROCEDURAL BACKGROUND

Because Mr. Hosley was a convicted sexual offender, he was subject to the sexual offender reporting requirements under Fla. Stat., Section 943.0435 (Doc. 22-1, Ex. 3). Among other things, Section 943.0435 requires a convicted sexual offender to "report in person at the sheriff's office in the county in which he or she is located within 48 hours after establishing a transient residence and thereafter must report in person every 30 days to the sheriff's office in the county in which he or she is located while maintaining a transient residence." Fla. Stat., Section 943.0435(4)(b)2.

Mr. Hosley first registered as a sexual offender in Florida in April 2009 (Doc. 22-2, Ex. 3). On December 30, 2014, he registered at the Pinellas County Sheriff's Office and indicated he was transient in St. Petersburg, Pinellas County (Id.). The last registration form he completed was in Pinellas County on June 30, 2015 (Id.; Doc. 22-1, Ex. 13, docket pp. 61-66).

Beginning on July 22, 2015, Mr. Hosley was incarcerated (on unrelated charges) at either the Pinellas County Jail or the Hillsborough County Jail (Doc. 22-1, Ex. 3). He did not have to report or register as a sexual offender while incarcerated (Doc. 22-3, Ex. 31, docket p. 235). He was released from the Hillsborough County Jail on November 23, 2015 (Doc. 22-1, Ex. 3; Doc. 22-1, Ex. 15, docket p. 194).

---

requests to sanction counsel and strike the use of the term petitioner, the exhibit, and the procedural history are denied.

In April 2016, Detective Turcotte, who worked in the sexual offender tracking unit of the Pinellas County Sheriff's Office, learned that Mr. Hosley had not registered since June 2015 (Doc. 22-3, Ex. 31, docket pp. 235-36). He investigated the matter and learned that Mr. Hosley was not in any local jail, had not registered as a sex offender in another county in Florida, had made a change to his driver's license records in February 2016 indicating his transient address was Saint Vincent de Paul's in St. Petersburg, Pinellas County, Florida, had been seen by witnesses in St. Petersburg in 2016, and his whereabouts were unknown (Id., docket pp. 236-38). Detective Turcotte therefore believed Mr. Hosley was transient in Pinellas County and prepared a Complaint/Arrest Affidavit on April 14, 2016, stating Mr. Hosley violated the reporting requirements of Section 943.0435 (Id., docket p. 238; Doc. 22-1, Ex. 3).

On April 17, 2016, Mr. Hosley was arrested in St. Petersburg by the St. Petersburg Police Department (Doc. 22-1, Ex. 3). He was charged by Information with failure to comply with statutory sexual offender registration requirements under Fla. Stat., Section 943.0435, as applied to transient sex offenders by failing to report in person to the Pinellas County Sheriff's Office as a sexual offender within 48 hours after establishing transient status (Id., Ex. 4). A jury found him guilty as charged (Doc. 22-2, Ex. 17). He was sentenced to 72.3 months in prison (Id., Exs. 17, 18). The conviction and sentence were affirmed on appeal (Id., Ex. 24).

Mr. Hosley filed his federal habeas petition (Doc. 1) in which he asks the Court to reverse his conviction because his arrest and the arrest affidavit on which it was

based were invalid.

II. GOVERNING LEGAL PRINCIPLES

Because Mr. Hosley filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

A. Standard of Review Under the AEDPA

Under the AEDPA, habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-

4

court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B. Exhaustion and Procedural Default

The writ of habeas corpus cannot be granted unless the petitioner has exhausted all available state court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lucas v. Sec'y, Fla. Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012) (citing 28 U.S.C. § 2254(b), (c)). Exhausting state remedies requires a petitioner to "fairly present" his claims in each appropriate state court "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)).

Under the procedural default doctrine, a claim raised in a federal habeas petition is barred from review if the claim was not raised in state court and "the court to which the petitioner would be required to present [the] claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1. To avoid a procedural default, a petitioner must show "either cause for and actual prejudice from the default or fundamental miscarriage of justice from applying the default." *Lucas*, 682 F.3d at 1353; *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

III. ANALYSIS

The petition presents one ground for relief, Ground One, under which Mr. Hosley makes five "points," Points 1-5 (Doc. 1, docket pp. 6-10).

A. Point 1: Timeliness of the Petition and the Full Round Requirement (Doc. 1, p. 6A)

Point 1 presents no ground for relief. Rather, Mr. Hosley contends his federal

petition is timely, and the claims in his petition were presented to the state courts. Respondent concedes the petition is timely (Doc. 21, p. 10). However, Respondent argues each of Mr. Hosley's claims are unexhausted and now procedurally defaulted (Id., pp. 11-14). To the extent exhaustion or procedural default issues may apply to Mr. Hosley's four claims, the Court will address those issues and the merits of the claims below.

B. Point 2: Sheriff Detective Turcotte's Warrantless Unreasonable Search Outside of the Sheriff Detective's Territorial Jurisdiction to Ferret Out Information/Evidence (Doc. 1, pp. 6A-6C)

    1. Claim

Mr. Hosley alleges Detective Turcotte unlawfully used a computer to search records regarding Mr. Hosley kept by government agencies outside of Detective Turcotte's "territorial jurisdiction of Pinellas County." Mr. Hosley contends the search violated his right to privacy. He further contends that his arrest was unlawful under the Fourth and Fourteenth Amendments to the United States Constitution because it was warrantless, without probable cause, and based on 1) an arrest affidavit that was legally inadequate, and 2) an investigation outside the territorial jurisdiction of Detective Turcotte.

    2. Exhaustion and Procedural Default

Respondent argues the claims in Point 2 are unexhausted and now procedurally defaulted because they were not presented to the state courts in either Mr. Hosley's motion to dismiss the Information or his Initial Brief on direct appeal (Doc. 21, pp.

7

12-13). The Court agrees.

To the extent Mr. Hosley contends his right to privacy was violated, he failed to exhaust the claim because he raised it in neither his motion to dismiss the Indictment (Doc. 22-1, Ex. 5) nor his Initial Brief on direct appeal (Doc. 22-2, Ex. 21). And to the extent Mr. Hosley contends Detective Turcotte's search, and Mr. Hosley's subsequent arrest, violated the Fourth and Fourteenth Amendments, he did not raise the claim in his motion to dismiss in the trial court (Doc. 22-1, Ex. 5). Rather, he raised the claim for the first time in his Initial Brief on appeal (Doc. 22-2, Ex. 21). Because a defendant generally cannot raise a claim for the first time on appeal in a Florida court, Mr. Hosley failed to exhaust his available state court remedies. *See Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982) ("Except in cases of fundamental error, an appellate court will not consider an issue unless it was presented to the lower court. . . .Furthermore, in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below."); *Harris v. Sec'y, Fla. Dep't Corrs.*, 709 F. App'x 667, 668 (11th Cir. 2018) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

Mr. Hosley cannot return to state court and raise this ground in an untimely, successive direct appeal. *See* Rule 9.140(b)(3), Fla.R.App.P. (a defendant must appeal a final judgment within 30 days following rendition of a written order imposing sentence). Accordingly, this ground is procedurally defaulted. And since Petitioner shows neither cause and actual prejudice nor a miscarriage of justice, the claim is

8

procedurally barred from federal review. *Lucas*, 682 F.3d at 1353.

      3. Merits

      Even if Mr. Hosley's claim that his arrest violated the Fourth Amendment were exhausted (because he raised the claim on appeal), it provides no basis for federal habeas relief. *See Abraham v. Wainwright*, 407 F.2d 826, 828 (5th Cir. 1969) (habeas petitioner's claim that his arrest was illegal "alone does not present grounds for habeas relief unless such arrest in some way deprived petitioner of a fair trial."). Thus, the illegal arrest claim is both procedurally barred from review and without merit. Accordingly, Point 2 warrants no relief.

C. Point 3: Unreasonable Misinterpretation of the Language of Florida Statute 943.0435 and the Authority that the Statute Implies (Doc. 1, pp. 6C-6D)

      1. Claim

      Mr. Hosley contends Detective Turcotte unreasonably interpreted the statutory definition of "transient offender" and the language of Florida Statute 943.0435(4)(b)2. He asserts Detective Turcotte's misinterpretation led to his investigation of Mr. Hosley, and, subsequently, to Mr. Hosley's arrest and conviction.

      2. Exhaustion and Procedural Default

      The claim is not exhausted because Mr. Hosley failed to argue in his Initial Brief on direct appeal that Detective Turcotte unreasonably interpreted the statute (See Doc. 22-2, Ex. 21). Mr. Hosley cannot return to state court and raise this ground in an untimely, successive direct appeal. See Rule 9.140(b)(3), Fla.R.App.P. Accordingly,

this ground is procedurally defaulted. And since Mr. Hosley shows neither cause and actual prejudice nor a miscarriage of justice, the claim is procedurally barred from federal review. *Lucas*, 682 F.3d at 1353.

   3. Merits

Even if the claim was not procedurally barred, it would fail on the merits. To the extent Mr. Hosley is challenging his arrest as illegal because it was based on a misinterpretation of the statute, as discussed above in Point 2, the claim provides no basis for federal habeas relief. *See Abraham*, 407 F.2d at 828. And to the extent Mr. Hosley is challenging his conviction on the ground that Detective Turcotte erroneously determined Fla. Stat. § 943.0435(4)(b)2. applied to the circumstances in his case, the claim likewise fails.

The statute defines "transient residence" as "a county where a person lives, remains, or is located for a period of 5 or more days in the aggregate during a calendar year and which is not the person's permanent or temporary address". Fla. Stat. § 943.0435(1)(c) (2016); Fla. Stat. § 775.21(2)(m) (2016). It includes but is not limited to "a place where the person sleeps or seeks shelter and a location that has no specific street address". Fla. Stat. § 943.0435(1)(c) (2016); Fla. Stat. § 775.21(2)(m) (2016).

The statute requires that a sexual offender who "vacates a permanent, temporary, or transient residence and fails to establish or maintain another permanent, temporary, or transient residence shall, within 48 hours after vacating the permanent, temporary, or transient residence, report in person to the sheriff's office of the county

10

in which he or she is located". Fla. Stat. § 943.0435(4)(b)(1).

The statute also requires that a sexual offender "shall report in person at the sheriff's office in the county in which he or she is located within 48 hours after establishing a transient residence and thereafter must report in person every 30 days to the sheriff's office in the county in which he or she is located while maintaining a transient residence". Fla. Stat. § 943.0435(4)(b)(2).

Mr. Hosley concedes he was a sexual offender and transient. Detective Turcotte alleged in his affidavit that Mr. Hosley was a convicted sexual offender, had registered as a transient in Pinellas County since December 2014, failed to report a new address in any county after he was released from Hillsborough County Jail in November 2015, and failed to report in person every 30 days for five months (Doc. 22-1, Ex. 3). Thus, there was probable cause to believe Mr. Hosley violated the statute. Accordingly, Point 3 warrants no relief.[3]

D. Point 4: Sheriff Detective Turcotte's Pre-Arrest Complaint Affidavit which Failed to Establish Probable Cause for the Warrantless Unreasonable Arrest of the Petitioner (Doc. 1, p. 6d)

    1. Claim

Mr. Hosley contends he is entitled to habeas relief because he was illegally

---

[3] Mr. Hosley does not allege there was insufficient evidence to support the conviction. Even if Point 3 could be construed as raising a sufficiency of the evidence claim, the claim was not exhausted in state court. Moreover, the claim would fail on the merits because there was sufficient evidence that Mr. Hosley was a convicted sexual offender who established transient residence in Pinellas County but failed to timely report to the Pinellas County Sheriff's Office (See Doc. 22-3, Ex. 31, transcript pp. 132-80; Ex. 32, transcript pp. 184-227).

11

arrested under the Fourth and Fourteenth Amendments. He argues the arrest was illegal because Detective Turcotte's Complaint/Arrest Affidavit "did not meet the requirements of the Federal Rules of Criminal Procedures [sic] Rules [sic] 3 and Rule 4(A)" that the affidavit be "sworn to under oath by an authorized judicial official or other authorized person" and "used to apply for a warrant. . . ." (Doc. 1, p. 6d). He further contends the affidavit violated the Florida Rules of Criminal Procedure (Doc. 2, p. 16). Finally, he again contends the affidavit failed to establish probable cause for his arrest (Id., pp. 16-19).

  2. Exhaustion and Procedural Default

  Respondent correctly argues Mr. Hosley's claim that the affidavit violated the Federal Rules of Criminal Procedure is unexhausted (Doc. 21, p. 23). The claim never was presented to the state courts (See Doc. 22-1, Ex. 5; Doc. 22-2, Ex. 21). Mr. Hosley cannot return to state court and raise this ground in an untimely, successive direct appeal. *See* Rule 9.140(b)(3), Fla.R.App.P. (a defendant must appeal a final judgment within 30 days following rendition of a written order imposing sentence). Accordingly, this ground is procedurally defaulted. And since Mr. Hosley shows neither cause and actual prejudice nor a miscarriage of justice, the claim is procedurally barred from federal review. *Lucas*, 682 F.3d at 1353.

  3. Merits

  First, even if exhausted, Mr. Hosley's claim that Detective Turcotte's affidavit violated Rules 3 and 4 of the Federal Rules of Criminal Procedure warrants no relief

12

because the federal rules did not apply to his state criminal proceedings. *See Scruggs v. Williams*, 903 F.2d 1430, 1434 (11th Cir.1990) (concluding that the Federal Rules of Criminal Procedure do not apply in state courts). Therefore, regarding this claim Mr. Hosley cannot show he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). *See Id*. ("A state court does not violate federal law merely because it does not follow federal rules of procedure.").

Second, Mr. Hosley's claim that the affidavit did not comply with Florida's rules of criminal procedure warrants no relief because a violation of a state rule of procedure is not, in itself, a violation of the federal constitution or federal law. *Engle v. Isaac*, 456 U.S. 107, 120–21 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). The claim is a purely state law issue. Because the claim is not cognizable in a federal habeas corpus proceeding, it provides no basis for federal habeas corpus relief. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").

Third and finally, Mr. Hosley's challenge to the validity and sufficiency of Detective Turcotte's affidavit cannot provide a basis for federal habeas relief because

Mr. Hosley has not demonstrated that the alleged errors affected the validity of his conviction. His challenge to the validity and sufficiency of the affidavit is not cognizable on federal habeas review. *See, e.g., Jackson v. McKaskle*, 729 F.2d 356, 359 n.2 (5th Cir. 1984) ("The asserted deficiencies in the affidavit supporting the arrest warrant are of no consequence as [the petitioner] was in no way prejudiced at trial by the resulting arrest. Moreover, such a claim is barred under *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L.Ed. 2d 1067 (1976))."). Accordingly, Point 4 warrants no relief.

E. Point 5: The Warrantless Unreasonable Arrest Instigated by Sheriff Detective Turcotte Placing his Pre-Arrest Complaint Affidavit Which did not Meet the Requirements of Rules 3 and 4 and the 4th and 14th Amendment [sic] and Violated Rule 5 (a) and (b) of Warrantless Arrests, on the Local Law Enforcement Databank (Doc. 1, pp. 6(d)-6(e))

    1. Claim

In Point 5, Mr. Hosley asserts two claims. First, he again contends his arrest was unconstitutional because it was warrantless, without probable cause, and based on Detective Turcotte's affidavit that violated the Federal Rules of Criminal Procedure and was insufficient in failing to allege sufficient facts constituting probable cause. Second, he contends his rights under the Fourth and Fourteenth Amendments were violated when the officer who arrested him, Officer Green, failed to prepare his own "arrest affidavit" showing probable cause for detaining Mr. Hosley.

    2. Exhaustion and Procedural Default

Respondent correctly argues the claims in Point 5 were not properly exhausted in state court and are procedurally defaulted (Doc. 21, pp. 12-13). Mr. Hosley failed to present the claims to the trial court in his motion to dismiss (Doc. 22-1, Ex. 5). Rather, he raised the claims for the first time in his Initial Brief on appeal (Doc. 22-2, Ex. 21). Because a defendant generally cannot raise a claim for the first time on appeal in a Florida court, Petitioner failed to exhaust his available state court remedies. *See Steinhorst*, 412 So. 2d at 338; *Harris*, 709 F. App'x at 668. Mr. Hosley cannot return to state court and raise this ground in an untimely, successive direct appeal. *See* Rule 9.140(b)(3), Fla.R.App.P. (a defendant must appeal a final judgment within 30 days following rendition of a written order imposing sentence). Accordingly, this ground is procedurally defaulted. And since Mr. Hosley shows neither cause and actual prejudice nor a miscarriage of justice, the claim is procedurally barred from federal review. *Lucas*, 682 F.3d at 1353.

3. Merits

As discussed above, Mr. Hosley's claims that his arrest was unconstitutional, and Detective Turcotte's affidavit was insufficient, warrant no relief because he fails to allege and show the arrest and affidavit prejudiced his defense or contributed to his conviction. Moreover, this Court is not aware of any decision by the Supreme Court holding the Fourth Amendment or Fourteenth Amendment is violated when an arresting officer fails to prepare his own arrest affidavit and instead relies on the sworn affidavit of a fellow officer. Under Florida law, Officer Green properly relied on

Detective Turcotte's affidavit when arresting Mr. Hosley. *See, e.g., Voorhees v. State*, 699 So.2d 602, 609 (Fla.1997) (per curiam) (explaining that the fellow officer rule "allows an arresting officer to assume probable cause to arrest a suspect from information supplied by other officers"). Point 5 therefore warrants no relief.

Accordingly:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The Clerk shall enter judgment against Mr. Hosley and close this case.

3. A Certificate of Appealability (COA) is warranted only if Mr. Hosley makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing. Accordingly, a COA and leave to appeal *in forma pauperis* are **DENIED**.

**ORDERED** in Tampa, Florida, on September 26, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to: Tony Hosley, *pro se*
           Counsel of Record